UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS CARTER,

        Plaintiff,                     Case Number: 20-12419
                                                  Honorable Paul D. Borman

v.

LAWRENCE TOMASINO, ET AL.,

        Defendants.
_____/

**OPINION AND ORDER (1) DISMISSING DEFENDANT CITY OF SOUTHFIELD, (2) STAYING FURTHER PROCEEDINGS, AND (3) ADMINISTRATIVELY CLOSING CASE**

**I. Introduction**

Michigan state prisoner Dennis Carter ("Plaintiff") has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. He raises claims related to his 2018 arrest in the City of Southfield and names three defendants: police officers Lawrence Tomasino and W. Shadwell, and the City of Southfield. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action. See 28 U.S.C. § 1915(a)(1). For the reasons that follow, the Court will dismiss the City of Southfield, stay further proceedings pending resolution of Plaintiff's state-court criminal proceeding, and administratively close this case.

**II. Background**

Plaintiff is a pretrial detainee awaiting trial on charges of burglary and attempted armed robbery. *See People v. Carter*, Oakland County Circuit Court Nos. 2018-268158

and 2018-268159.  He claims that Southfield police officer Lawrence Tomasino provided false statements in support of several search warrants.  (Compl. at 4-5, ECF No. 1, PageID.4-5.)  Plaintiff also alleges that Tomasino and police officer W. Shadwell obtained an arrest warrant through false statements and the omission of exculpatory information.  (*Id.*)  He argues that Tomasino's and Shadwell's actions violated his rights under the Fourth, Fifth, and Fourteenth Amendments.  Plaintiff also states that the City of Southfield was responsible for training defendants Tomasino and Shadwell.  (*Id.* at 1, 8; PageID.1, 8.)

## II.  Standard of Review

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

2

(citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## II. Discussion

### A. Municipal Liability

Plaintiff fails to state a claim against the City of Southfield. A municipality will not be held liable under § 1983 based upon a *respondeat superior* theory. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, the unconstitutional conduct must have been caused by "official municipal policy." *Id.* This requirement is designed "to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469,

479-80 (1986)) (emphasis in *Pembaur*).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff fails to raise any specific allegations relating to any policy or custom of the City of Southfield which caused the alleged wrongdoing in his case.  To the extent that he contends that the City of Southfield's failure to train its police officers resulted in the alleged constitutional violations, such conclusory allegations and recitation of elements are insufficient to state a claim.  *See Iqbal*, 556 U.S. at 678.  Therefore, Plaintiff fails to state a claim for liability under Section 1983 against the City of Southfield.

### B.  Defendants Tomasino and Shadwell

Plaintiff alleges that defendants Tomasino and Shadwell provided false information to support the search and arrest warrants and withheld favorable evidence.  In *Wallace v. Kato*, 549 U.S. 384 (2007), the Supreme Court stated that "[i]f a plaintiff files . . . any . . . claim related to rulings that will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94.  Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

4

Plaintiff's § 1983 action is based on the same set of facts and circumstances giving rise to his pending state criminal charges. His claims relate to rulings that "will likely be made in a pending or anticipated criminal trial." *Id*. In particular, the state proceeding is likely to require a ruling on the legality of the warrants. Based upon these considerations, the proper course of action is to stay the case and administratively close it until the criminal proceedings against Plaintiff have concluded. *See id.* at 393-94.

### III. Conclusion

For the reasons stated, IT IS ORDERED that defendant City of Southfield is DISMISSED.

IT IS FURTHER ORDERED that this case is STAYED pending final disposition of the state criminal charges pending against Plaintiff and that Plaintiff's motion to appoint counsel (ECF No. 3) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that this case is ADMINISTRATIVELY CLOSED pending final disposition of the state criminal charges and may be reopened by Plaintiff's filing of a motion to reopen the case after such final disposition.

SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: November 24, 2020